IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CHAD STEVEN TINGLEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) Case No. 11-CV-0896-MJR |
| MARTIN KEIM, | ) |
| KYLE NAVE, and, | ) |
| UNKNOWN PARTIES #1-3, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**REAGAN, District Judge:**

Plaintiff Chad Steven Tingley, incarcerated at the Federal Correctional Institution in Pekin, Illinois has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff pleaded guilty to, and was sentenced for conspiring to manufacture and distribute methamphetamine, maintaining a residence for the purpose of manufacturing methamphetamine, and multiple firearms violations. *See United States v. Tingley*, No. 06-CR-40003-JPG (S.D.Ill. Feb. 16, 2007). He now sues members of the Marshall, Illinois Police Department in connection with the May 2005 affidavit used to secure the search warrant Plaintiff contends led to the federal indictment against him. According to Tingley, he learned in August 2009 that Defendant Officer Keim had resigned from the Police because he had been falsifying and altering police reports. Pursuant to an Illinois Freedom of Information Act request, on October 2, 2009, Plaintiff received documentation regarding Keim's misconduct, leading Plaintiff to conclude that the search warrant in his case was falsified. Plaintiff sues Officer Keim, as well as former Police Chief Kyle Nave, and Unidentified Police Officers #1-3. *See* Doc. 1.

1

This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
>
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
>
> (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
>
> (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Upon careful review of the complaint and any supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915A; portions of this action are subject to summary dismissal.

**Discussion**

Procuring a search warrant through false statements where probable cause would not otherwise be found violates the Fourth Amendment guarantee against unreasonable searches and seizures. *Forman v. Richmond Police Dept.,* 104 F.3d 950, 963–64 (7th Cir. 1997). Section 1983 requires personal involvement in the alleged constitutional violation. *Munson v. Gaetz*, 673 F.3d 630, 637 (7th Cir. 2012). Although there is no *respondeat superior* (supervisory) liability for constitutional torts, supervisors can violate the Constitution themselves if they "'know about the [unconstitutional] conduct and facilitate it, approve it, condone it, or turn a blind eye for fear of what they might see.'" *T.E. v. Grindle*, 599 F.3d 583, 588 (7th Cir. 2010) (quoting *Jones v. City of Chicago,* 856 F.2d 985 (7th Cir.1988)).

Based on those basic principles, Plaintiff has sufficiently stated claims against Officer Keim and Chief Nave and those claims shall proceed. However, Plaintiff only alleges that Unidentified Officers #1-3 participated in the execution of the search warrant, not that they were involved in any fraud in securing the warrant, or that they knew of its falsity when it was executed or when the decision was made to lodge a criminal complaint against Tingley. Therefore, all claims against Unidentified Officers #1-3 are **DISMISSED** without prejudice.[1]

---

[1] *Heck v. Humphrey*, 512 U.S. 477, 481-482, 487 (1994), dictates that when a claim for damages would "necessarily" undermine an existing conviction the damages claim is not cognizable until the conviction has been invalidated—it must be dismissed. Nevertheless, the Supreme Court has recognized instances where a suit for damages for unreasonable search may lie even if the underlying conviction has not been upended. *Id*. at 487 FN7. *See Nelson v. Campbell,* 541 U.S. 637, 647 (2004); *Dominguez v. Hendley,* 545 F.3d 585, 589 (7th Cir.2008). As part of his plea agreement, Tingley waived his right to a direct appeal and to collaterally attack his conviction, so his conviction stands. *See Tingley v. United States*, No. 10-CV-0162-JPG (S.D.Ill. Jul. 7, 2010). However, in light of the nature of the multiple counts of conviction, it appears there is a possibility that this Section 1983 action would not "necessarily" undermine Tingley's conviction. Similarly, the Court cannot determine sua sponte that the two-year statute of limitations period under 735 ILCS 5/13-202 bars this action.

**Disposition**

For the reasons stated, the claims against Defendants **KEIM** and **NAVE** shall **PROCEED**; the claims against Defendant **UNKNOWN PARTIES #1-3** are **DISMISSED without prejudice**.

The Clerk of Court shall prepare for Defendants **KEIM** and **NAVE**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a Defendant no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with that Defendant's current work address, or, if not known, that Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Plaintiff shall serve upon each Defendant (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on each Defendant or counsel.

Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge Stephen C. Williams for further pre-trial proceedings.

Further, this entire matter is **REFERRED** to United States Magistrate Judge Stephen C. Williams for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff.  Local Rule 3.1(c)(1)

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not

5

independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  *See* FED. R. CIV. P. 41(b).

    **IT IS SO ORDERED.**

    **DATED:  August 20, 2012**

                                            <u>**s/ *Michael J. Reagan***</u>
                                            **MICHAEL J. REAGAN**
                                            **UNITED STATES DISTRICT JUDGE**