IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CHAD STEVEN TINGLEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No.   11-cv-896-MJR-SCW |
| ) | |
| MARTIN KEIM and KYLE NAVE, ) | |
| ) | |
| Defendants. ) | |

REPORT AND RECOMMENDATION

**WILLIAMS, Magistrate Judge:**

## I.   Introduction

This case is before the Court on Defendant Keim's Motion to Dismiss (Doc. 15) as well as Defendant Nave's Motion to Dismiss (Doc. 35). The matter has been referred to United States Magistrate Judge Stephen C. Williams by United States District Judge Michael J. Reagan pursuant to 28 U.S.C. §§ 636(b)(1)(B) and (c), Federal Rule of Civil Procedure 72(b), and Local Rule 72.1(a), on the issue of whether the Plaintiff properly filed suit within the applicable statute of limitations. It is **RECOMMENDED** that the District Court **ADOPT** the following findings of fact and conclusions of law, and **GRANT** both Defendants' Motions to Dismiss (Docs. 15 & 35).

## II.   Findings of Fact

Pro se Plaintiff Chad Steven Tingley brought this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff pleaded guilty to, and was sentenced for, conspiring to manufacture and distribute methamphetamine, maintaining a residence for the purpose of manufacturing methamphetamine, and multiple firearms violations. *See United States v. Tingley*, **No. 06–CR– 40003–JPG (S.D.Ill. Feb. 16, 2007).** Plaintiff's arrest was preceded by a search of his residence by

members of the Marshall, Illinois Police Department. He now sues then members of the Marshall, Illinois Police Department in connection with the May 2005 affidavit used to secure the search warrant Plaintiff contends led to the federal indictment against him.

According to Plaintiff, Defendant Keim and other law enforcement officers executed a search warrant at Plaintiff's residence on August 26, 2005 (Doc. 1 ¶ 21). As a result of this search, a federal indictment was brought against Plaintiff. *See United States v. Tingley*, **No. 06–CR–40003–JPG (S.D.Ill. Feb. 16, 2007).** Following Plaintiff's arrest, Plaintiff reviewed the affidavit and complaint filed by Defendant Keim in support of the search warrant (Doc. 1 ¶ 22). Plaintiff alleges information contained in the documents was false, and he realized this upon review (Doc. 1 ¶ 22). Plaintiff entered a guilty plea on October 30, 2006. *See United States v. Tingley*, **No. 06–CR–40003–JPG (S.D.Ill. Feb. 16, 2007).**

According to Tingley, he learned in August 2009 that Defendant Officer Keim had resigned from the Police because he had been falsifying and altering police reports (Doc. 1 ¶ 24). Pursuant to an Illinois Freedom of Information Act ("FOIA") request received on October 2, 2009, Plaintiff received documentation regarding Keim's misconduct, leading Plaintiff to conclude that the search warrant in his case was, indeed, falsified (Doc. 1 ¶ 25, 26). Plaintiff now sues Officer Keim, as well as former Police Chief Kyle Nave. Plaintiff contends that Defendant Nave was complicit in Defendant Keim's actions as Plaintiff alleges that Nave was aware of Keim's misconduct, but did nothing to stop it.

On September 21, 2012, Defendant Keim filed the pending Motion to Dismiss (Doc. 15). Defendant claims that Mr. Tingley's claim is barred by the statute of limitations. Defendant Nave filed a similar Motion to Dismiss (Doc. 35) on February 13, 2013. Mr. Tingley responded to both motions that the particular circumstances surrounding the filing of his suit bring his claim within

the statute of limitations (Doc. 17).

### III. Conclusions of Law

A. **Motion to Dismiss Standard**

Both Defendants filed their Motions to Dismiss pursuant to **FED. R. CIV. P. 12(b)(6).** The purpose of a Rule 12(b)(6) motion is to decide the adequacy of the complaint, not the merits of the case. See *Gibson v. City of Chicago*, **910 F.2d 1510, 1520 (7th Cir. 1990).** In assessing a complaint or count under Rule 12(b)(6), the District Court accepts as true all well-pled factual allegations and draws all reasonable inferences in the plaintiff's favor. *Tricontinental Indus., Ltd. v. PriceWaterhouseCooper, LLP*, **475 F.3d 824, 833 (7th Cir. 2007);** *Marshall v. Knight*, **445 F.3d 965, 969 (7th Cir. 2006);** *Corcoran v. Chicago Park Dist.*, **875 F.2d 609, 611 (7th Cir. 1989).** Courts must determine whether the factual allegations in a complaint plausibly suggest an entitlement to relief. *Munson v. Gaetz*, **673 F.3d 630, 633 (7th Cir. 2012) (citing** *Ashcroft v. Iqbal*, **556 U.S. 662, 681 (2009)).** Dismissal is warranted "only if it appears beyond doubt that the plaintiff cannot prove any facts that would support his claim for relief." *Hayes v. City of Chicago*, **670 F.3d 810, 813 (7th Cir. 2012) (quoting** *Thomas v. Guardsmark, Inc.*, **381 F.3d 701, 704 (7th Cir. 2004)).** For purposes of a Rule 12(b)(6) motion, the allegations of a pro se complaint, which this case was originally filed as, are to be liberally construed. See *Haines v. Kerner*, **404 U.S. 519, 520–21 (1972);** *Kaba v. Stepp*, **458 F.3d 678, 681 (7th Cir. 2006);** *Jones v. Phipps*, **39 F.3d 158, 162 (7th Cir. 1994).**

B. **Statute of Limitations**

Both Defendants contend that Plaintiff's Complaint is barred by the applicable statute of limitations. The Court notes that because statute of limitations arguments are an affirmative

defense, which a plaintiff is not required to anticipate or overcome in its complaint, dismissing a claim as untimely under Rule 12(b)(6) has been deemed by the Court of Appeals for the Seventh Circuit to be "irregular." *Covington v. Mitsubishi Motor Mfg. of America, Inc.*, **154 Fed.Appx. 523, 524 (7th Cir. 2005) (citing** *United States v. N. Trust Co.***, 372 F.3d 866, 888 (7th Cir. 2004)).** Instead, dismissal under Rule 12(b)(6) on the basis of an affirmative defense is appropriate only where the plaintiff pleads himself out of court by "admit[ting] all the ingredients of an impenetrable defense." *Covington***, 154 Fed.Appx. at 524–525 (citing** *Xechem, Inc. v. Bristol-Myers Squibb Co.***, 372 F.3d 899, 901 (7th Cir. 2004)).** In such cases, the validity of the defense must be "apparent from the complaint itself" and "unmistakable." *Covington***, 154 Fed.Appx. at 525 (citing** *Walker v. Thompson***, 288 F.3d 1005, 1010 (7th Cir. 2002)).**

The Supreme Court held that actions under § 1983 should be characterized as personal injury claims, and, therefore, are governed by the personal injury statute of limitations in the state where the alleged injury occurred. *Owens v. Okure***, 488 U.S. 235, 249–250 (1989); Wilson v. Garcia, 471 U.S. 261, 279 (1985).** In Illinois, therefore, § 1983 claims are subject to the state's two-year statute of limitations applicable to personal injury actions. **735 Ill. Comp. Stat. § 5/13-202;** *Gonzalez v. Entress***, 133 F.3d 551, 554 (7th Cir. 1998).** Plaintiff agrees that the statute of limitations for his claim is two years (Doc. 17 & 36). Thus, if the statute on Plaintiff's cause of action began to run at the time of the search, or at the time he pled guilty in 2006, his suit is time barred. Even if the statute began to run at the time Mr. Tingley first became aware of Defendant Keim's resignation from the police force due to document falsification, Plaintiff's suit would still be time barred. But if, as Plaintiff argues, the commencement date for running the statute began the date on which, pursuant to his FOIA request, he received information that strengthened his claim, Plaintiff's suit would be timely filed. The issue, thus, is when the two-year statute began to run.

Federal law determines the accrual of a claim. *Wilson v. Giesen*, 956 F.2d 738, 740 (7th Cir. 1992); *Wallace v. Kato*, 549 U.S. 384, 388, 127 S.Ct. 1091, 166 L.Ed.2d 973 (2007). Generally, claims accrue when the plaintiff knows or has reason to know of the injury giving rise to the cause of action. *Wilson v. Giesen*, 956 F.2d 738, 740 (7th Cir. 1992); *Wallace v. City of Chicago*, 440 F.3d 421, 427 (7th Cir. 2006); *Wilson*, 549 U.S. at 388, 127 S.Ct. 1091, 166 L.Ed.2d 973 ("[I]t is the standard rule that [accrual occurs] when the plaintiff has a complete and present cause of action." (citations omitted)). A § 1983 claim, as a civil rights claim, therefore, accrues when the plaintiff knows or should know that his constitutional rights have been violated. *Id.; Evans v. Poskon,* 603 F.3d 362, 363 (7th Cir. 2010) (a claim which accrues must be filed without regard to a conviction's validity). Therefore, Plaintiff could have filed suit as soon as he reviewed, following his arrest in August of 2005, the affidavit and complaint filed by Defendant Keim in support of the search warrant. Plaintiff claims he realized then that the information contained therein was false (Doc. 1 ¶ 22). Even assuming arguendo that Mr. Tingley did not known that his constitutional rights had been violated following his arrest, he certainly should have known that they had been violated when he entered his guilty plea on October 30, 2006. In his complaint, Mr. Tingley stated the following:

> "Following Plaintiff Tingley's arrest in the matter, he had the opportunity to review the affidavit and complaint filed by Defendant Keim in support of the search warrant executed at his residence. Upon reviewing the contents of the document (Exhibit-1), Plaintiff Tingley realized the information contained therein was false. Specifically, the information relayed to Defendant Keim by the confidenatial (sic) sources is untrue." (Doc. 1 ¶ 22).

Despite the fact that Mr. Tingley realized that his rights had been violated soon after his arrest, Plaintiff did not file suit until almost five years later.

Plaintiff argues that the statute of limitations did not begin to run until he received information

in response to his FOIA request on October 2, 2009 (Doc. 17). Plaintiff cites no precedent for his argument, though he seems to rely on a tolling theory without explicitly identifying it as such. Equitable tolling is permissible to permit "a plaintiff to avoid the bar of the statute of limitations if despite the exercise of all due diligence he is unable to obtain vital information bearing on the existence of his claim." *Shropshear v. Corp. Counsel of City of Chicago*, 275 F.3d 593, 595 (7th Cir. 2001); *see also Cada v. Baxter Healthcare Corp.*, 920 F.2d 446, 451 (7th Cir. 1990). Plaintiff argues that without the information received in response to his FOIA request, any claims by Plaintiff would have been "futile" (Doc. 17 ¶ 6). Mr. Tingley's low estimation of the strength of his case does not prevent the statute of limitations from running. Also, Plaintiff has not claimed that the information received in October of 2009 revealed any falsification of information related directly to Plaintiff's arrest. Specifically, Mr. Tingely has stated that the information released by the city of Marshall concerned only general misconduct by Defendant Keim (Doc. 1 ¶ 26). In reading through the information, the Court has not seen any specific misconduct related directly to Plaintiff Tingely's case (Doc. 1 Ex. 6). Mr. Tingely has only argued that the FOIA information shows that Defendant Keim was a "crooked cop," therefore anything he was involved in should be questioned under the law (Doc. 17 ¶ 9). Thus, the new information did not verify Plaintiff's allegations, but only served to strengthen his three-year-old beliefs. The information was not vital to the existence of Plaintiff's claim; therefore, equitable tolling is inappropriate.[1]

---

[1] Since the complaint is time barred, the undersigned does not reach in the body of its recommendation two other issues raised by Defendants. Those issues are addressed briefly here. First, it is not clear from the facts before us whether the doctrine of *Heck v. Humphrey*, 512 U.S. 477 (1994) is implicated by Plaintiff's allegation that Defendant falsified certain information contained in his affidavit and complaint in support of the search warrant. The *Heck* doctrine is implicated when a convicted criminal defendant attempts to collaterally attack his conviction through the vehicle of a civil suit. *Heck*, 512 U.S. at 484. It is not clear from the record whether or not any part of the search warrant could be attacked under § 1983 without collaterally attacking Plaintiff's conviction. Further, the Supreme Court has held that the Heck doctrine does not keep a parties' claim from accruing. *Evans v. Poskon*, 603 F.3d 362, 363 (7th Cir. 2010) (citing *Wallace*, 549 U.S. at 386, 109 S.Ct. 1865, 104 L.Ed.2d 443). Second, it is not clear from the facts before us whether Plaintiff's signed plea agreement waiving his right to challenge the

IV.     Conclusion

Accordingly, the Undersigned **RECOMMENDS** that both Defendants' Motions to Dismiss (Doc. 15 & 35) be **GRANTED**.  Should the Court adopt the Undersigned's findings, no claims will remain in this case.

Pursuant to **28 U.S.C. § 636(b)(1)** and **Local Rule 73.1(b),** the parties may object to any or all of the proposed dispositive findings in this Recommendation.   The failure to file a timely objection may result in the waiver of the right to challenge this Recommendation before either the District Court or the Court of Appeals.  *See, e.g., Snyder v. Nolen*, **380 F.3d 279, 284 (7th Cir. 2004).** Accordingly, Objections to this Report and Recommendation must be filed on or before April 4, 2013.


**IT IS SO ORDERED**.

DATED: March 18, 2013.

/s/ *Stephen C. Williams*
STEPHEN C. WILLIAMS
United States Magistrate Judge

---

validity of Defendant's search warrant is dispositive to this case. The validity of such waivers requires a "case-by-case approach[, which] appropriately balances the important interests on both sides of the question of the enforceability of these agreements." *Gonzalez v. Kokot*¸ 314 F.3d 311, 317 (7th Cir. 2002) (quoting *Town of Newton v. Rumery*, 480 U.S. 386 (1987)). Such an approach would require further factual analysis, which is not necessary here, given that the case is time barred.